**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**WALTER D. FILIPKOWSKI, JR.,**

                         **Plaintiff,**

     **v.**                                                    **05-CV-01449**
                                                              **(GLS/RFT)**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

                         **Defendant.**

_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Binder, Binder Law Firm        CHARLES E. BINDER, ESQ.
215 Park Avenue South,
6th Floor
New York, NY 10003

**FOR THE DEFENDANT:**

ANDREW T. BAXTER              WILLIAM H. PEASE, ESQ.
United States Attorney         Assistant U.S. Attorney
PO Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198

26 Federal Plaza               MARIA P. FRAGASSI SANTANGELO, ESQ.
Room 3904                      Assistant U.S. Attorney
New York, NY 10278

**Gary L. Sharpe**
**U.S. District Judge**

## ORDER

Currently before the court is plaintiff's counsel's motion for attorney's fees (Dkt. No. 13) pursuant to 42 U.S.C. § 406(b).  Having reviewed counsel's brief, defendant's response and the record on the matter, the court now grants the motion.

### Background

The undisputed relevant facts indicate that claimant Walter D. Filipkowski, Jr. filed an application for Social Security disability benefits.  (*See* Dkt. No. 13-4, Affirmation of Charles E. Binder at ¶ 1.)  Filipkowski's claim was initially denied so he sought judicial review of the Administrative Law Judge's ("ALJ") decision.   (*Id.* at ¶¶ 1-3.)   After this court remanded the case, Filipkowski ultimately received a favorable decision by the ALJ.  (*Id.* at ¶¶ 4-6.)  Counsel for Filipkowski now has filed a motion for attorney's fees in the amount of $24,714.57 pursuant to 42 U.S.C. § 406(b).  The government opposes the motion arguing the amount requested represents a windfall to plaintiff's counsel.

### Discussion

Section 406(b) provides:

Whenever a court renders a judgment favorable to a claimant .

2

. . who was represented before the court by an attorney, the
court may determine and allow as part of its judgment a
reasonable fee for such representation, not in excess of 25
percent of the total of the past-due benefits to which the
claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  "Because benefits amounts figuring in the fee

calculation are limited to those past due, attorneys may not gain additional

fees based on a claimant's continuing entitlement to benefits."  *Gisbrecht v.

Barnhart,* 535 U.S. 789, 795 (2002).[1]  The United States Supreme Court

has rejected the "lodestar" method, i.e., the number of hours expended

times an hourly rate, for calculating attorney's fees in cases where the

parties have entered into a contingent fee arrangement.  *Id.* at 799-808.

The Court indicates:

> § 406(b) does not displace contingent-fee agreements as the
> primary means by which fees are set for successfully
> representing Social Security benefits claimants in court.
> Rather, § 406(b) calls for court review of such arrangements as
> an independent check, to assure that they yield reasonable
> results in particular cases.  Congress has provided one
> boundary line: Agreements are unenforceable to the extent that
> they provide for fees exceeding 25 percent of the past-due
> benefits. . . . Within the 25 percent boundary, as petitioners in
> this case acknowledge, the attorney for the successful claimant
> must show that the fee sought is reasonable for the services

---

[1]Fee awards may be made under both the Equal Access to Justice Act ("EAJA"), 28
U.S.C. § 2412(d)(1)(A) and § 406(b), "but the claimant's attorney must refund to the claimant
the amount of the smaller fee" award.  *Gisbrecht,* 535 U.S. at 796. (citations, internal
quotations and modifications omitted).

rendered.

*Id.* at 807. (footnotes omitted).  In making a determination of attorneys' fees in social security cases, courts consider the following factors derived from *Gisbrecht*: (1) "whether the fee requested is out of line with the character of the representation and the results the representation achieved;" (2) "whether the attorney unreasonably delayed [] proceedings;" and (3) "whether the benefits awarded are large in comparison to the amount of time counsel spent on the case," i.e, whether the amount constitutes a "windfall."  *See Joslyn v. Barnhart,* 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005); *Blizzard v. Astrue,* 496 F.Supp.2d 320, 322 (S.D.N.Y. 2007) (quotation marks omitted).  On the "windfall" question, courts consider: (1) whether the attorney's efforts were successful, (2) whether there is evidence of the effort expended, and (3) whether the case was handled efficiently by the attorney due to his experience in the area.  *See Joslyn,* 389 F.Supp.2d at 456-57; *Blizzard,* 496 F.Supp.2d at 323.

With these precepts in mind, the court determines the fee requested is not out of line with respect to the representation and the results obtained. Here, it is undisputed that the attorney's firm has worked on this case since December 1998, handling three administrative hearings, two appeals, and

4

a request for judicial review.  (*See* Dkt. No. 13-4, Affirmation of Charles E.

Binder at ¶ 8.)  Nothing in the record suggests that the briefing was

ineffective, and it certainly was successful.  In addition, nothing suggests

that counsel unreasonably delayed proceedings.  Keeping in mind that

counsel for plaintiff was successful, that there is evidence of the effort

expended, and that counsel has extensive experience in social security

cases, *Id.* at ¶¶ 9-10, the court also determines the fee requested is

reasonable.

The government opposes counsel's fee request arguing that the

amount requested appears to be a windfall.  The government points out

that the record reflects counsel expended 33.25 hours and that,

considering the requested amount of $24,714.57, the hourly rate would be

$743.30 per hour.  Without supporting authority, the government contends

this amount constitutes a "windfall."  However, the problem with the

government's argument is that it is based on the use of the traditional

"lodestar" analysis and the United States Supreme Court rejected that

analysis for social security cases.  This court shares the views of our sister

New York district courts in *Joslyn* (approving a rate of $891.61 per hour)

and *Blizzard* (approving a rate of $705 per hour)*,* and agrees that, *in social*

*security cases,* "[d]eference should be given . . . to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate . . . and of an attorney's willingness to take the case despite the risk of nonpayment.'" *Josylin,* 389 F.Supp.2d at 456 (quoting *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990)); *Blizzard,* 496 F.Supp.2d at 324-25.  In fact, as the *Blizzard* court noted: "[i]n the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Blizzard,* 496 F.Supp.2d at 325. (quoting *Wells,* 907 F.2d at 371).  "Thus, a reduction in the agreed-upon contingency amount should not be made lightly."  *Id.*  Furthermore, the request in this case is less than 25 percent of the plaintiff's past due benefits and there is no evidence of fraud in making the agreement.

 **WHEREFORE**, for the foregoing reasons, it is hereby

 **ORDERED,** that the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 13) is **GRANTED**; and it is further

 **ORDERED,** that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

Dated: August 6, 2009
Albany, New York

United States District Court Judge